JEROME B. TIMMONS vs. HENRY CHOUTEAU, AMADE VALLE, & NEREE VALLE.

FIELDS and HALL for defendant.

1st. There is no equity in the bill of the appellant.   Clark vs. Condit, 11 Mo. 79.
2nd. The whole matter was submitted to a court of law, and there adjudicated.

Judge BIRCH delivered the opinion of the court.

---

## JEROME B. TIMMONS vs. HENRY CHOUTEAU, AMADE VALLE AND NEREE VALLE.

The defendant filed a demurrer to complainant's bill, which was sustained by the court, and leave given to amend.   At the succeeding term of court, the complainant having failed to amend, the court dismissed the bill absolutely.

Held, that there being no bill of exceptions showing the terms upon which the leave to amend was given to complainant, the presumption is that the court properly dismissed the bill, but should have dismissed it *without prejudice.*

### ERROR TO ST. LOUIS CIRCUIT COURT.

CROCKETT for plaintiff.

1st. That the demands which occured originally against Henry Chouteau was properly embraced in the bill against the defendants jointly.   Because it is expressly charged in the bill, that upon the establishment of the house of Chouteau & Valle, "all the business books of accounts, debts, &c., of the house of Henry Chouteau were transferred and turned over to the new firm, who assumed upon themselves the settlement of all business connected with the business of Henry Chouteau."   Plaintiff continued in the employment of the firm, on the same terms as he had before been in Chouteau's service.   It was in fact a continuation of the business of the same house, assuming upon the new firm the debts and liabilities of the former house.   Upon

the facts charged in the bill, it is evident that the note executed by complainant was intended by defendants to embrace all demands, as well those claimed to be due to Henry Chouteau, as those to the firm. The bill, therefore, properly included the debt to Henry Chouteau as one of the objects of the bill was to be relieved against the note and mortgage alleged to have been fraudulently procured, and which included that debt as one of the items of alleged indebtedness on which the note was founded. The transaction had become so blended together as that *they could not be separated.* 1 J. J. Marshall, 81.

2nd. But if it be assumed that the demand against H. Chouteau was an entirely distinct matter, not connected with the subsequent transactions with the firm, then as there was no ground in the bill for either relief or discovery against Chouteau in his individual rights, the insertion thereof in the bill does not render it multifarious. 2 Danls. Chy. Pr. 14; Varick vs. Smith, 5 page, 137; ibid, 254.

3d. It is sufficiently charged that the note and mortgage were obtained either by fraud or were founded in mistake; that the plaintiff did not owe the amount embraced in the note and mortgage, and which were, therefore, without consideration and ought to be cancelled. But if the note and mortgage were valid, still as the bill was for a settlement of accounts, and averred a balance to be due exceeding the note and mortgage, the demurrer ought not on that ground to have been sustained.

4th. That the averrments in relation to the sale of the Mermaid, were well made and if true, entitled the complainant to a credit with the defendants to the amount of the value of his interest.

5th. That the 4th cause of demurrer, if three would not defeat the complainants recovery, as there would still be a balance due, if the allegations of the bill are true. But the bill does sufficiently charge that the consideration of the 2nd note was the surrender of the first one.

6th. The omission to file an exhibit with the bill is no ground of demurrer. It is a matter of proof to be produced on the trial. If the defendant deems the production of the exhibits material to enable him to answer, the proper course is by motion that the complainant, be required to file his exhibits and an extension of the time to answer until the exhibits are filed—the simple omission to file cannot be taken advantage of on demurrer.

7th. The other owners of the Mermaid and Quincy were not necessary or proper parties to the bill, the bill would have been multifarious if they had been made parties. They are in no manner interested in the subject matter of litigation, or at all interested, only in one branch of it—no decree could have been rendered against them in this suit.

SPALDING and TIFFANY for defendants.

1. The court did right to dismiss the bill for want of due prosecution. Leave was asked and given to amend on 20th May, 1846, more than six months after, no amendment having been made, the bill was dismissed.

2. Daniels Chy. 935. If on hearing of a cause, it is ordered to stand over to make new parties by amending bill, in pursuance of which plaintiff amends, but does not proceed further, defendant may move to dismiss bill, and is not bound to set it down again for hearing. Ibid 945, 944.

3. There is no bill of exceptions and showing what took place at the dismissal of the bill; nor what laches complainant may be guilty of, beyond what appears on the face of the record. Every presumption is made that the court below did right. 7 Mis. Rep. 293.

Six months had elapsed and no amendment had been made, and the court below, with the counsel before it to make explanations, and with a full knowledge of all the facts and circumstances, which this court cannot have, because there is no bill of exceptions, was of opinion that there had been gross laches and dismissed the bill. How can the supreme court say that the court below did wrong? How can it know that there had not been a time agreed on in which to amend: or that complainants cousel had at his peril, undertook to amend or take steps in the case?

The demurrer was properly sustained by the court below.

The bill was multifarious.    It joined together complainants individual account with Henry Chouteau as clerk in a store, with his account as such clerk against Chouteau and Valle, and with his account as clerk and first owner of two steam boats at different times.    11 Miss. Rep. 267, Ferguson vs. Paschall; 9 Miss. Rep. 293; 4 Miss. Rep. 428.

The bill prays that a decree may be made striking the balance, and ordering the defendants to pay it to complainants.    Of course the court is called on to pass on all the items of the account, and among others, upon the dividends or shares in the earnings of the two boats, and therefore upon the accounts of the boats, for the dividends are floating and uncertain in amount until the final settlement of the boats business, as between part owners ; and part of the amount is against Chouteau alone, and part against him with Valle.

The second cause of demurrer, is that the note complained of is not sufficiently alleged to *have been mistaken* in amount, or that *it was fraudulent*, or that *it included, or was intended to include the balance of account* between the parties.

There is in the bill no specification of what the fraud in the note consists; nor is there *any allegation* that the note was given for the balance as claimed by Chouteau & Valle due from complainant.

The only thing said is, that the note and mortgage are fraudulent and void.

Third cause of demurrer, is the sale of the boat by the mortgages.

This sale passed only such right as Chouteau & Valle had a redeemable interest.

The bill does not show what the note was given for; whether for the matters of account between the parties or other matters.

The exhibits, one of which is a part of the bill, were not filled.    This was demurrable, so far as the exhibits were made parts of the bill.

The decision made in 11 Mis. Reports, 274, relates to exhibits properly so called, that is, *papers filed with the bill*, and not made parts thereof.    If they are made parts of the bill by its terms, they are as much a part of it as any other portion of it.    One of them was the mortgage.    This was made part of the bill, but was missing.

The proper parties are not made to the bill.    On the plaintiff's own showing, the accounts between the joint owners of the two steam boats were involved and would have to be taken, and of course the other owners should have been made parties, otherwise the dividends that might be credited to complainants in this suit, would not be final.    They might be too much or too little.    The whole accounts of the two boats were involved, and had to be examined, otherwise the dividends could not be ascertained that should be credited to complainant.

The last cause of demurrer assigned, was that there was no equity in the bill; in other words, that if there was any thing due to complainant, he could sue for it at law.    He does not allege any necessity for want of testimony, for appealing to the conscience of defendants; but states that they owe him a debt, and that they claim set-offs which are for too large an amount, &c.

According to his story, they owe him a large amount for services rendered them as clerk, and for moneys had and received, &c.    Then why not bring his suit at law?    1 Story's Eq. sec. 459.

RYLAND, Judge, delivered the opinion of the court.

The plaintiff in error filed his bill of complaint in the Saint Louis circuit court, in chancery, against the defendants in error, on the 30th of Oct. 1845.    On the 5th of December in the same year, being the November term of said court, the defendants filed their demurrer to the complainants bill—At the April term of said court 1846, the court sus-

29

tained the demurrer : and on motion leave was given to the complainant to amend his bill. At the November term 1846 on the 23rd day of the month, the complainant having failed to amend his bill, the court dismissed the bill at the costs of the complainant. In October 1849 the complainant sued out his writ of error, and brings the case before this court.

From an examination of the record and proceedings in this case it will not be necessary for this court to take any notice of the bill of complaint and the matters therein set forth ; nor of the action of the court below in sustaining the defendant's demurrer to the bill. The court below on sustaining the demurrer of the bill, granted the complainant, on motion, leave to amend his bill. We find from 20th May up to 23rd November, that the complainant took no steps in his suit, made no amendment to his bill ; and that on the last mentioned day the court dismissed the bill, at complainants costs. No bill of exceptions was filed in this case. We cannot see upon what terms the leave to amend may have been given as to time ; nor but that the complainant, may have been guilty of gross laches in the prosecution of his suit. We must presume in the absence of every thing to the contrary, that the court below decided correctly upon the facts as they appeared before it. Before that court was the complainant by his counsel ; and likewise the defendants. It is fair to presume that every thing was done properly in the premises—and nothing to the contrary appearing by any bill of exceptions, we feel unwilling to disturb its judgment.

However we would have been better satisfied, if the court below had dismissed the bill *without prejudice.* This court will therefore so far only reverse the judgment of the court below, as to direct the dismissal of this bill to be without prejudice, but at complainants costs.